**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

LISETTE PENA ALMONTE,

        *Petitioner*,

v.                                Case No. 3:26-cv-1479-WWB-PDB

UNITED STATES ATTORNEY
GENERAL, et al.,

        *Respondents.*

_____

## ORDER

Petitioner initiated this action by filing a pro se Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241.  (Doc. 1).  Immigration and Customs Enforcement ("**ICE**") is currently detaining Petitioner at Baker County Detention Center.  (*Id.*).  According to Petitioner, ICE detained him on December 29, 2025, to begin removal proceedings and his removal order became final on February 9, 2026.  (*Id.* at 3).  He argues that his prolonged detention has violated his rights seemingly under *Zadvydas v. Davis*, 533 U.S. 678 (2001), and the Due Process Clause of the Fifth Amendment.  (*See generally id.*).  As relief, Petitioner requests that the Court order his immediate release.  (*Id.* at 5).

In *Zadvydas*, the Supreme Court held that indefinite detention of aliens raises serious constitutional concerns.  533 U.S. 678.  Once an order of removal is final, ICE should make every effort to remove the alien within a reasonable time.  *Id.* at 701.  The Court also concluded that six months is a presumptively reasonable period to detain a removable alien awaiting deportation.  *Id.*  "Although not expressly stated, the Supreme

Court appears to view the six-month period to include the 90-day removal period plus 90 days thereafter." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002).

After that six-month period has passed and the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the burden then shifts to the Government to provide evidence sufficient to rebut that showing. *Id.* (quoting *Zadvydas*, 533 U.S. at 701). Thus, "in order to state a claim under *Zadvydas* the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Akinwale*, 287 F.3d at 1052.

To that end, this Court considers only the post-removal order detention when determining whether the presumptively reasonable six-month period has passed. If ICE detained Petitioner for any period before his removal order became final, that fact is immaterial to the Court's analysis. Here, Petitioner alleges that his removal order became final on February 9, 2026. (Doc. 1 at 3). Thus, the relevant post-removal order detention began on that date—February 9, 2026. At the time Petitioner filed his Petition on June 5, 2026, he had been in post-removal order custody for 116 days (excluding the date on which the Petition was filed). Thus, any claim under *Zadvydas* is not yet ripe and is dismissed without prejudice as premature.

To the extent Petitioner seeks to raise a freestanding procedural or substantive due process claim, the Court notes that when the Supreme Court confronted the constitutional perils of indefinite immigration detention in *Zadvydas*, it did not instruct lower courts to start weighing the process afforded to the detainee. It set a timer. For the

first six months, detention is presumptively reasonable.  *Zadvydas*, 533 U.S. at 701.  So, until that timer goes off, *Zadvydas* itself seemingly supplies the constitutional metric.  *Martinez v. Larose*, 968 F.3d 555, 566 (6th Cir. 2020).  "In other words, the *Zadvydas* standard is due process: a § 1231 detainee who fails the *Zadvydas* test fails to prove a due process violation."  *Castaneda v. Perry*, 95 F.4th 750, 760 (4th Cir. 2024).  Thus, any independent due process claim fails.

Finally, to the extent that Petitioner argues that 8 U.S.C. § 1226 governs his current detention, that claim lacks merits because Petitioner has a final order of removal and thus 8 U.S.C. § 1231 governs his detention.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1.  This case is **DISMISSED without prejudice**.

2.  The Clerk shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, on June 16, 2026.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Jax-7
C:    Lisette Pena Almonte, A064414717

3